8/3/2021 11:40:28 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 55950272
By: THOMAS, LISA E
Filed: 8/3/2021 11:40:28 AM

# Marilyn Burgess – Harris County District Clerk

## Request for Issuance of Service

CASE NUMBER: _____    CURRENT COURT: _____

Name(s) of Documents to be served:  Plaintiff's Original Petition _____

**FILE DATE:** August 3, 2021 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Hach Company _____

Address of Service: _____

City, State & Zip: _____

Agent (if applicable) CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201 _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**          Newspaper_____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ( $12.00)**
- [ ] **Capias (not an E-Issuance)**
- [ ] **Attachment**
- [ ] **Certiorari**
- [ ] **Highway Commission ( $12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus**
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)**_____

(See additional Forms for Post Judgment Service)

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____    [ ] **CONSTABLE**
- [ ] **MAIL to attorney    at:**_____

- [ ] **CERTIFIED MAIL by District Clerk**    [x] **E-Issuance by District Clerk** (No Service Copy Fees Charged)
  **(Note:) CAPIAS is not an E-Issuance Option**
- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____    Phone: _____

- [ ] **OTHER** , *explain* _____

**Issuance of Service Requested By:**Attorney/Party Name: Jared B. Ynigez    Bar # or ID 24056999

Mailing Address: The Law Office Jared B. Ynigez, PLLC, P.O. Box 7418, Houston, Texas 77248-7418

Phone Number: 281-739-9069 _____

8/3/2021 11:40 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55950272
By: Lisa Thomas
Filed: 8/3/2021 11:40 AM

NO. _____

| | | |
|---|---|---|
| **KIRSTEN TUBBS** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **HACH COMPANY** | § | |
| **Defendant.** | § | **OF HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Kirsten Tubbs, hereinafter called Plaintiff, complaining of and about Hach Company, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.      Plaintiff, Kirsten Tubbs, is an Individual who is a resident of the state of Texas.

3.      Defendant Hach Company, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, CT Corp System located at 1999 Bryan St., Suite 900, Dallas, Texas 75201, its registered office.  Service of said Defendant as described above can be effectuated by certified mail, return receipt requested.

### JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      Plaintiff seeks:

a.      monetary relief over $250,000 but not more than $1,000,000.

7.     This court has jurisdiction over Defendant Hach Company, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Hach Company will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8.     Plaintiff would show that Defendant Hach Company had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

9.     Furthermore, Plaintiff would show that Defendant Hach Company engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

10.     Venue in Harris County is proper pursuant to Texas Civil Practice and Remedies Code Section 15.002, because all or a substantial part of the events or omissions giving rise to this claim occurred in Harris County, Texas, and/or because the parties reside and/or executed the contract in Harris County, Texas.

## FACTS

11.     On or about August 8, 2019, Kirsten Tubbs, while in the course and scope of her employment with Westway Feed Products, LLC, was working in an enclosed lab while using Defendant's Digesdahl Digestion Apparatus for the purpose and in the manner in which it was intended to be used, suddenly and without warning it leaked sodium hydroxide and sulfuric acid causing permanent inhalation injuries to Plaintiff, as hereinafter described.

## LIABILITY OF HACH COMPANY

12.     While engaged in the manufacture and sale of the Digesdahl Digestion Apparatus,

Defendant Hach Company manufactured and sold a certain Digesdahl Digestion Apparatus and other like products, to consumers within the stream of commerce.  Defendant Hach Company intended and expected that the Digesdahl Digestion Apparatus, so introduced and passed on in the course of trade would ultimately reach a consumer or user in the condition in which it was originally sold.

13.     Plaintiff also alleges that the product in question, namely the Digesdahl Digestion Apparatus, was defective and unsafe for its intended purposes at the time it left the control of Defendant Hach Company and at the time it was sold in that it failed in its design to prevent chemical leaks and inhalation injuries.  Due to the unsafe operation of, but not limited to, the apparatus, the product was defectively designed and unreasonably dangerous in that it leaked the chemicals its users were intended to use in the product.

14.     Plaintiff therefore invokes the doctrine of strict liability.  Further, in this connection, Plaintiff would show the court that the defect in design was a producing cause of the injuries and damages set forth below.

15.     In addition, Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of the negligence of Defendant Hach Company in one or more of the following respects, or by combination thereof:

    A.    Failing to have proper safety mechanisms on the Digesdahl Digestion Apparatus in place to prevent chemical leaks;

    B.    Failure of the safety mechanisms or other systems of said Digesdahl Digestion Apparatus and its attendant equipment;

    C.    Failing to properly warn Plaintiff about the condition of said Digesdahl Digestion Apparatus and its attendant equipment.

16.     Pleading further, Plaintiff would show the court that the occurrence made the basis

of this suit and the resulting injuries and damages set out below were a direct and proximate result of negligence attributable to Defendant Hach Company in one or more of the following respects, or by a combination thereof:

A.  Failing to use due care in the manufacture of the Digesdahl Digestion Apparatus;

B.  Failing to use due care in the design of the Digesdahl Digestion Apparatus;

C.  Failing to use proper materials reasonably suited to the manufacture or design of the Digesdahl Digestion Apparatus or the component parts thereof; and

D.  Failing to use due care to test and/or inspect the Digesdahl Digestion Apparatus or the component parts thereof to determine its durability and function ability for the purpose for which it was intended.

17.  Pleading further, Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of the negligence of Defendant Hach Company in one or more of the following respects, or by a combination thereof:

A.  Failing to design the Digesdahl Digestion Apparatus without proper a guard, shield or hood on it as would have been done by a reasonable and prudent manufacturer under the same or similar circumstances; and

B.  Failing to place the Digesdahl Digestion Apparatus on the market with a warning to the users of the device that the Digesdahl Digestion Apparatus might leak chemicals due to a malfunction.

18.  All of which Defendant Hach Company knew, or in the exercise of ordinary care, should have known.

19.  In addition, Defendant Hach Company expressly and impliedly warranted to the public generally, that the Digesdahl Digestion Apparatus was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary

manner.  Plaintiff relied upon these express and implied warranties and suffered the injuries and damages set forth below as a proximate result of the breach of these warranties.

20.     Defendant's aforementioned conduct constitutes a careless, negligent, and reckless disregard of a duty of care for others.

## DAMAGES FOR PLAINTIFF

21.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer serious and lasting inhalation injuries and has incurred the following damages:

A.     Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services at the time and place those services were provided;

B.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.     Physical pain and suffering in the past;

D.     Physical pain and suffering in the future;

E.     Physical impairment in the past;

F.     Physical impairment which, in all reasonable probability, will be suffered in the future;

G.     Loss of earnings in the past;

H.     Loss of earning capacity which will, in all probability, be incurred in the future;

I.     Mental anguish in the past; and

J.     Mental anguish in the future.

## PRESERVING EVIDENCE

22.     Plaintiff hereby requests and demands that Defendant preserve and maintain all

evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voicemail, text messages, any evidence involving the incident in question, and any electronic images or information related to the referenced incident or damages.  Failure to maintain such items will constitute "spoliation" of the evidence.

### NOTICE PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE 193.7

23.     Pursuant to Tex. R. Civ. Proc. 193.7, Plaintiff serves notice on Defendant that any and all documents produced by Defendant in response to discovery requests will be considered self-authenticating and may be used in any pretrial proceeding and/or at the trial of this cause of action.

### DESIGNATED E-SERVICE EMAIL ADDRESS

24.     The following is the undersigned attorney's designated e-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. Proc. (21)(f)(2) & 21a: **servicereq@jbylawfirm.com**. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; excluding interest, and as allowed by Sec. 41.008, Chapter 41,

Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**The Law Office of Jared B. Yñigez, PLLC**

By:   **/s/ Jared B. Yñigez**
   Jared B. Yñigez
   Texas Bar No. 24056999
   Marquise Bryant
   Texas Bar No. 24105550
   **Email:  servicereq@jbylawfirm.com**
   P.O. Box 7418
   Houston, TX 77248-7418
   Tel. (281) 739-9069
   Fax. (713) 422-2172
   Attorneys for Plaintiff
   Kirsten Tubbs

9/1/2021 4:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56888114
By: Kevin Childs
Filed: 9/1/2021 4:45 PM

BGC.14197

## CAUSE NO. 2021-47260

| | | |
|---|---|---|
| KIRSTEN TUBBS | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HACH COMPANY | § | |
| *Defendant.* | § | 61st JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **HACH COMPANY**, Defendant named in the above entitled and numbered cause, and files this its Original Answer, and for same would respectfully show unto the Court as follows:

### I.

### GENERAL DENIAL

Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

### II.

### JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury. Simultaneously with the filing of this demand, a jury fee is being paid on behalf of this Defendant.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **HACH COMPANY** prays that the Plaintiff take nothing by this suit, that Defendant go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

DEFENDANT'S ORIGINAL ANSWER                                                                 Page 1

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P.**

_____

**BRIAN G. CANO**
State Bar No. 24045613
**ROSS A. DARVILLE**
State Bar No. 24087382
2777 Allen Parkway, Suite 800
Houston, TX 77019
713-362-8300
713-362-8302 [Fax]
bcano@feesmith.com
rdarville@feesmith.com


**ATTORNEYS FOR DEFENDANT
HACH COMPANY**


**<u>CERTIFICATE OF SERVICE</u>**

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served to all attorneys of record in this cause of action on the 1st day of September, 2021.

_____

**BRIAN G. CANO**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Kristen Potts on behalf of Brian Cano
Bar No. 24045613
kpotts@feesmith.com
Envelope ID: 56888114
Status as of 9/2/2021 8:39 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jared Ynigez | 24056999 | servicereq@jbylawfirm.com | 9/1/2021 4:45:09 PM | SENT |
| Christine Aylor | | caylor@feesmith.com | 9/1/2021 4:45:09 PM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 9/1/2021 4:45:09 PM | SENT |
| Ross Darville | | rdarville@feesmith.com | 9/1/2021 4:45:09 PM | SENT |
| Kristen Potts | | kpotts@feesmith.com | 9/1/2021 4:45:09 PM | SENT |

# Pedro Guzman Investigations

PO Box 701086, Houston, Texas 77270
832-969-1458
TCPS License Number A15015
SCH 6702

| DATE | INVOICE # |
|------|-----------|
| 09-01--21 | 2251 |

| EID # | 27-3309525 |
|-------|------------|

| DESCRIPTION FOR PROFESSIONAL SERVICES | |
|---|---|
| **Kirsten Tubbs vs. Hach Company** | |
| RE: Cause #2021-47260   Court #061st   Atty: Jared Brent Ynigez | |
| Description of Activity, see addendum | |
| Services: serve citation to: **Hach Company** | |
| .08-03-2021, 3:30 P.M.  - picked up citation and plaintiff's original petition at Ynigez Law Firm. | |
| 08-09-2021, 9:22 A.M. - Citation and Plaintiff's Original Petition delivered to Hach Company, at 1999 Bryan St., Suite 900, Dallas, TX 75201, in Dallas County, by serving its Registered Agent, CT Corp System, by CMRRR, Green Card #7020 0090 0000 6049 3046, attached. | $45.00 |
| 08-04-2021 Postage Costs | $7.85 |
| Subtotal | $52.85 |
| **TOTAL** | $52.85 |

## AFFIDAVIT

I, Pedro Guzman, Certified Process Server, PSC 6702, Expiration 06-30-21, Judicial Branch Certification Commission, State of Texas, do swear to and affirm, that the attached invoice(s), for services rendered are true and correct to the best of my knowledge.

Pedro Guzman

SWORN TO AND SUBSCRIBED before me, the undersigned authority, on this
1st day of SEPTEMBER , 2021, to certify which, witness my hand and seal of office.

TONY COBARRUBIA
Notary Public, State of Texas
Comm. Expires 10-12-2023
Notary ID 126287249

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

My Commission expires 10|12|2023



**UNITED STATES POSTAL SERVICE.**

LONG POINT
8000 LONG POINT RD
HOUSTON, TX 77055-9998
(800)275-8777

08/04/2021                          03:38 PM

```
---------------------------------------
Product          Qty   Unit      Price
                       Price
---------------------------------------
First-Class Mail®  1              $1.40
Large Envelope
    Dallas, TX 75201
    Weight: 0 lb 2.20 oz
    Estimated Delivery Date
        Sat 08/07/2021
    Certified Mail®                $3.60
        Tracking #:
        70200090000060493046
    Return Receipt               $2.85
        Tracking #:
        9590 9402 6533 1028 4126 70
Total                            $7.85
---------------------------------------

Grand Total:                     $7.85

Debit Card Remitted              $7.85
    Card Name: VISA
    Account #: XXXXXXXXXXXX2716
    Approval #: 053816
    Transaction #: 101
    Receipt #: 032828
    Debit Card Purchase: $7.85
    AID: A0000000980840       Chip
    AL: US DEBIT
    PIN: Verified
---------------------------------------
```

```
*****************************************
USPS is experiencing unprecedented volume
    increases and limited employee
    availability due to the impacts of
COVID-19. We appreciate your patience.
*****************************************
```



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Dallas, TX 75201   OFFICIAL USE

| | | |
|---|---|---|
| Certified Mail Fee | $3.60 | 0041 |
| $ | $2.85 | 21 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $1.00 | |
| ☐ Return Receipt (electronic) | $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $0.00 | Here |
| ☐ Adult Signature Required | $0.00 | |
| ☐ Adult Signature Restricted Delivery | $0.00 | |
| Postage | $1.40 | |
| Total Postage and Fees | | 08/04/2021 |
| $ | $7.85 | |

Sent To  T Corp. System Hatch Company

Street and Apt. No., or PO Box No.  1999 Bryan St. Suite 900

City, State, ZIP+4  Dallas, TX 75201

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent  ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery  AUG 09 2021
George Martinez

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:
Hatch Company
CT Corp. System, Reg. Agent
1999 Bryan St, Suite 900
Dallas, Tx 75201

9590 9402 6533 1028 4126 70

PS Form 3811, July 2020 PSN 7530-02-000-9053

9/3/2021 11:35 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56951181
By: Brenda Espinoza
Filed: 9/3/2021 11:35 AM

CAUSE NO. 202147260

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 925764  TRACKING NO: 73897647
EML

| | |
|---|---|
| Plaintiff:<br>TUBBS, KIRSTEN<br>vs.<br>Defendant:<br>HACH COMPANY | In The 061st<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:    HACH COMPANY (A NONRESIDENT CORPORATION) BY SERVING THE REGISTERED AGENT CT CORP SYSTEM**
**1999 BRYAN ST SUITE 900, DALLAS TX 75201**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on August 3, 2021 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on August 3, 2021, under my hand and seal of said court.

Issued at the request of:

YNIGEZ, JARED BRENT
PO BOX 7418
HOUSTON, TX  77248
281-739-9069
Bar Number: 24056999



*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:LISA THOMAS

EML

Tracking Number: 73897647

**CAUSE NUMBER: 202147260**

PLAINTIFF: TUBBS, KIRSTEN

vs.

DEFENDANT: HACH COMPANY

In the 061st

Judicial District Court of

Harris County, Texas

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at 3:30 o'clock P. M. on the 3rd day of August , 20 21 . Executed at

(Address) 1999 Bryan St. Suite 900, Dallas, TX 75201

in

Dallas County at o'clock 9:22 A. M. On the 9th day of August , 20 21 , by

Delivering to ~~Hatch~~ Hach Company defendant, ~~in person~~ by CMRRR, Green

together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said

copy of the Citation the date of delivery. Card #7020 0090 0000 6649 5046, attached

by Serving Registered Agent CT Corp System

To certify which I affix my hand officially this _____ day of _____, 20.

Fees $ _____

Pedro Guzmán
Affiant   Certified Process Server
PSID 6702 Expires 6-30-21

By _____

~~Deputy~~

On this day, _____ Pedro Guzman _____, known to me to be the person whose signature

appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was

executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this 1ST day of SEPTEMBER , 20 21.

_____
Notary Public

TONY COBARRUBIA
Notary Public, State of Texas
Comm. Expires 10-12-2023
Notary ID 126287249

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tony Cobarrubia on behalf of Jared Ynigez
Bar No. 24056999
tony@jbylawfirm.com
Envelope ID: 56951181
Status as of 9/3/2021 11:39 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christine Aylor | | caylor@feesmith.com | 9/3/2021 11:35:22 AM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 9/3/2021 11:35:22 AM | SENT |
| Jared Ynigez | 24056999 | servicereq@jbylawfirm.com | 9/3/2021 11:35:22 AM | SENT |
| Ross Darville | | rdarville@feesmith.com | 9/3/2021 11:35:22 AM | SENT |
| Kristen Potts | | kpotts@feesmith.com | 9/3/2021 11:35:22 AM | SENT |